**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SOFTWIND CAPITAL, LLC,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>GLOBAL PROJECT SOLUTIONS,<br>LLC, et al.,<br><br>　　　　　Defendants. | 2:11-CV-2057 JCM (GWF) |

**ORDER**

Presently before the court is defendant Bo Bingham's motion to dismiss. (Doc. #17). Defendants Global Project Solutions, LLC ("GPS"), Joyce Knoblauch, Eric Bromenshenkel, and Cindy Risinger filed a joinder to this motion. (Doc. #18). Plaintiff Softwind Capital, LLC filed an opposition. (Doc. #26). Bingham then filed a reply (doc. #32), and GPS, Knoblauch, Bromenshenkel, and Risinger joined the reply (doc. #33).

This case is a contract dispute which seeks the return of $600,000.00 that plaintiff invested with defendants. (Doc. #1). Plaintiff asserts that defendants solicited plaintiff to invest $1,000,000.00 in an alleged international investment deal involving a private placement trading platform. (Doc. #1). Plaintiff further alleges that defendants made misrepresentations and/or omissions, and plaintiff relied on these misrepresentations and/or omissions when plaintiff entered into an investment contract with defendants. (Doc. #1). Plaintiff ultimately invested $600,000.00. Finally, plaintiff asserts that it has "has been unable to recover its investment and has not been

**James C. Mahan**
**U.S. District Judge**

1  presented with any evidence that its money was or was not used in the private placement trading
2  platform." (Doc. #1).

3      Bingham now moves to dismiss the complaint for failure to state a claim upon which relief
4  can be granted. (Doc. #17). Specifically, Bingham asserts that plaintiff's claims are expressly
5  precluded pursuant to the unambiguous waivers and disclosures in the investment contract signed
6  by plaintiff. (Doc. #17). Bingham further argues that the doctrine of election of remedies prevents
7  plaintiff from simultaneously voiding the waivers and disclaimers in the contract and enforcing the
8  remaining portions of the contract. (Docs. #17 and #32).

9      In response, plaintiff does not dispute that it signed the contract. (Doc. #26). However,
10 plaintiff argues that the agreement is voidable due to the defendants' fraudulent acts. Plaintiff further
11 asserts that its investment funds were never used for trading on the private platform as specified by
12 the agreement between the parties. (Doc. #26). Therefore, the waiver provisions within the
13 agreement are unenforceable, and plaintiff can maintain the instant lawsuit. (Doc. #26).

14 **<u>Legal Standard</u>**

15     A complaint must include a "short and plain statement of the claim showing that the pleader
16 is entitled to relief." FED. R. CIV. P. 8(a)(2). The statement of the claim is intended to "give the
17 defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp.*
18 *v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Courts may dismiss causes of
19 action that "fail[] to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).

20     The court must "accept all factual allegations in the complaint as true." *Tellabs, Inc. v.*
21 *Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Further, the court must draw all reasonable
22 inferences in plaintiff's favor. *Twombly*, 550 U.S. at 547. However, "[t]o survive a motion to
23 dismiss, a complaint must contain sufficient factual matter . . . to state a claim to relief that is
24 plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted).
25 Although "not akin to a 'probability requirement,'" the plausibility standard asks for more than a
26 sheer possibility that a defendant has acted unlawfully. *Id.* "Where a complaint pleads facts that are
27 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and
28

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  plausibility of entitlement to relief.'" *Id.*

2  **I.     Waiver**

3        The agreement between the parties contains clear waiver and disclosure provisions. Further, plaintiff does not dispute that it signed the agreement. (Doc. #26). Therefore, the material dispute between the parties is whether the agreement is enforceable.

      Plaintiff argues that the agreement is voidable, and plaintiff is not subject to the waiver provisions in the agreement. Plaintiff asserts that it was induced to sign the agreement based on fraudulent misrepresentations by GPS, Bingham, Knoblauch, Bromenshenkel, and Risinger. Plaintiff asserts that its $600,000.00 investment never reached the trading platform, and the waiver provisions are not enforceable if plaintiff's $600,000.00 investment was not used for the purpose intended in the agreement. Plaintiff further alleges that defendants set up GPS for the sole purpose of shielding themselves from liability while conducting personal business. (Docs. #1 and #26). Therefore, the contract is voidable.

      Bingham argues that the agreement includes both a merger clause and unambiguous provisions indicating that the parties were not relying on any representations by other parties when they entered the contract. Accordingly, Bingham asserts that, per the terms of the agreement, plaintiff acknowledged that it was not relying on any representations by defendants. Therefore, plaintiff cannot argue that it was fraudulently induced to enter the agreement. (Docs. #17 and #32).

      In Nevada, "[f]raud in the inducement renders the contract voidable." *Havas v. Alger*, 85 Nev. 627, 631 (1969). "[I]ntentional misrepresentations of material facts in a contract, resulting in the intended deception, constitutes actual fraud . . . ." *Id.* at 633. However, the party must actually rely on the misrepresentation before the contract is voidable. *Pacific Maxon, Inc. v. Wilson*, 96 Nev. 867, 869-70 (1980). "A party who has made a false representation knowingly and with the intention that the other party be deceived by it should not be allowed to profit from the credulity or negligence of the party upon whom it had its intended effect." *Id.* at 870. "[A]llegations of misrepresentations directly contrary to the specific and unambiguous terms of a written [contract] do not, as a matter of law, state a claim for fraud." *Cohen v. Wedbush, Noble, Cooke, Inc.*, 841 F.2d 282, 288 (9th Cir.

1    1988) *overruled on other grounds by Tricknor v. Choice Hotels International, Inc.*, 265 F.3d 931
2    (9th Cir. 2001).

3    The court finds that plaintiff's allegations of misrepresentations are not "directly contrary to
4    the specific and unambiguous terms" of the agreement. *See Cohen*, 841 F.2d at 288. The waivers
5    in the agreement anticipated risks associated with investment in the trading platform. The waivers
6    did not anticipate that plaintiff's $600,000.00 would be utilized for anything other than investment
7    in the trading platform.

8    Here, plaintiff alleges that its $600,000.00 never reached the trading platform, but was
9    instead used for something other than what the agreement provided. (Docs. #1 and #26). Further,
10   plaintiff asserts that defendants formed GPS for the sole purpose of shielding themselves from
11   liability. (Doc. #1). These allegations of intentional misrepresentations fall outside of the written
12   waivers in the agreement. Therefore, plaintiff's complaint is not foreclosed by the waivers in the
13   agreement, and dismissal is not appropriate.

14   **II.    Election of remedies**

15   Bingham next argues if the court declines to dismiss the complaint on the grounds of
16   fraudulent inducement, the court should nevertheless dismiss all of the claims in the complaint that
17   are dependent on the existence of a valid agreement. If plaintiff is permitted to proceed on the theory
18   that the agreement is voidable and unenforceable, then plaintiff cannot simultaneously assert claims
19   based on the existence of a valid agreement. (Doc. #17). Accordingly, Bingham asserts that the
20   court should dismiss plaintiff's claims for (1) breach of the note, (2) constructive fraud, (3) breach
21   of fiduciary duty, and (4) legal malpractice, because these claims cannot exist in the absence of a
22   valid agreement. (Docs. #17 and #32).

23   Federal Rule of Civil Procedure 8 provides for inconsistent or alternate claims. FED. R. CIV.
24   P. 8(d); *see also Molsbergen v. United States*, 757 F.2d 1016, 1018-19 (9th Cir. 1985). "A party may
25   set out 2 or more statements of a claim or defense alternatively or hypothetically . . . [and a] party
26   may state as many separate claims or defenses as it has, regardless of consistency." FED. R. CIV. P.
27   8(d). "[C]ourts have been reluctant to permit one pleading to be read as a judicial or evidentiary
28

**James C. Mahan**
**U.S. District Judge**

- 4 -

admission against an alternative or inconsistent pleading." *Molsbergen*, 757 F.2d at 1019.

In light of the liberal pleading policy embodied in Rule 8, this court declines to dismiss plaintiff's contract-based claims. Plaintiff is allowed to plead alternative or inconsistent claims, and dismissal is not appropriate at this stage of the proceedings. *See* FED. R. CIV. P. 8(d).

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Bo Bingham's motion to dismiss (doc. #17) be, and the same hereby is, DENIED.

DATED June 11, 2012.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 5 -