# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| SOFTWIND CAPITAL, LLC, ) | |
| Plaintiff, ) | Case No. 2:11-cv-02057-JCM-GWF |
| vs. ) | **ORDER** |
| GLOBAL PROJECT SOLUTIONS, LLC, *et al.*, ) | Motion for Issuance of Letter Rogatory (#69) |
| Defendants. ) | |
| And all related claims. ) | |

This matter comes before the Court on Defendant Bo Bingham's ("Bingham") Motion for Issuance of Letter Rogatory (#69), filed under seal on March 22, 2013. Defendant also filed an unsealed, partially redacted copy of the Motion. *See Doc. #70*. Any responses to the Motion (#69) were due no later than April 8, 2013. The Court conducted a hearing on the Motion on May 2, 2013.

This case arises out of a joint venture between Plaintiff Softwind Capital ("Plaintiff") and Defendant Global Project Solutions ("GPS") to which Plaintiff allegedly contributed $600,000 to be invested in an international trading platform. Plaintiff claims that Bingham, among others, failed to safeguard the $600,000 and that the money was never transferred to Defendants Keranovic and Ijery, who maintained an account for this purpose at the Meridian Credit Union ("Meridian"). Bingham asserts Keranovic and Ijery, citizens of Canada, were responsible for investing the money in the trading platform. Bingham denies any mismanagement of Plaintiff's funds, and seeks records associated with the Meridian account to determine whether the $600,000 was deposited therein and whether any party withdrew funds for purposes other than investment in the trading

platform.

Bingham avers he has unsuccessfully pursued multiple avenues to obtain the Meridian records. In response to written requests, Meridian, a Canadian credit union, declined to provide the account information without an order from an Ontario Court. Bingham also represents that on October 18, 2012, he served his First Requests for Production of Documents and for Admissions on Keranovic. Bingham's Request for Production No. 4 sought "copies of all checks, deposit receipts, teller receipts, withdrawal slips, tax related statements, transfer records, and bank statements" of the subject Meridian Account. *See Doc. #69, Exh. 6.* Similarly, Request for Production No. 5 sought "all other documents, writings, records, correspondence and other tangible things of any kind in any format from January 1, 2008 to the present" relating to the subject account. *Id.* Finally, Request for Production No. 8 sought "all records pertaining to the Investment Deal" including "any bank records for accounts maintained by Meridian Credit Union[.]" *Id.* Keranovic did not respond to the Requests, and Bingham filed a Motion to Compel (#66) on February 22, 2013. The Court granted the Motion (#66), and ordered Keranovic to respond to the Requests by April 9, 2013. *See March 26, 2013 Order, Doc. #72*. Plaintiff now requests the issuance of a letter rogatory to the appropriate court in Ontario, Canada to compel the production of the account documents by Meridian.

Courts enjoy the inherent authority to issue letters rogatory. *See United States v. Staples, 256 F.2d 290, 292* (9th Cir.1958). The authority to issue letters rogatory is also implicit in 28 U.S.C. § 1781. *Asis Internet Services v. Optin Global, Inc.*, 2007 WL 1880369 at *3 (N.D. Calif. 2007). The Canada Evidence Act also specifically provides that a court outside of Canada may serve letters rogatory upon a Canadian court. *See Asis*, 2007 WL 1880369 at *3; *see also* R.S.C.1985, c. C-5, s. 46. Whether to issue such a letter is a matter of discretion for the court. *Id.*

A letter rogatory is a written request from a court to a foreign court requesting the production of documents. *Asis*, 2007 WL 1880369 at *3 (citing *United States v. Reagan*, 453 F.2d 165, 168 (6th Cir.1971)). When determining whether to issue a letter, courts will not weigh the evidence sought nor predict whether that evidence will actually be obtained. *Asis*, 2007 WL 1880369 at *3 (citing *DBMS Consultants Ltd. v. Computer Assocs. Int'l, Inc.*, 131 F.R.D. 367, 369

(D.Mass.1990)). Rather, a court's decision whether to issue a letter rogatory requires an application of the discovery scope provided by the Federal Rules of Civil Procedure. *See Evanston Ins. v. OEA, Inc.*, 2006 WL 1652315 at *2 (E.D. Calif. 2006).

Here, the information Bingham seeks is reasonably calculated to lead to admissible evidence and is within the scope contemplated by Rule 26(b). Furthermore, under Local Rule 7-2(d), the failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion. The time to oppose the instant Motion has expired, and no opposition has been filed. Accordingly,

**IT IS HEREBY ORDERED** that Defendant Bo Bingham's Motion for Issuance of Letter Rogatory (#69) is **granted**.

**IT IS FURTHER ORDERED** that Defendant Bingham's Motion for Issuance of Letter Rogatory (#70), a redacted copy of Bingham's Motion (#69), is **denied** as moot.

**IT IS FURTHER ORDERED** that, as stated on the record at the May 2, 2013 hearing, Bingham shall submit to the Court a revised proposed letter rogatory no later than 7 days after the date of this Order.

DATED this 2nd day of May, 2013.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge