1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**

7

**DISTRICT OF NEVADA**

8
9

SOFTWIND CAPITAL, LLC,                        )
                                             )
                          Plaintiff,         )      Case No. 2:11-cv-02057-JCM-GWF

10

vs.                                          )      **ORDER**
                                             )

11

GLOBAL PROJECT SOLUTIONS, LLC, *et al.,*     )      Notice of Supplemental Proposed

12

                                             )      Letters Rogatory (#79)
                          Defendants.        )

13

_____     )

14
15

     This matter comes before the Court on Defendant Bo Bingham's ("Bingham") Notice of

16

Supplemental Proposed Letters Rogatory (#79), filed on May 8, 2013.  Bingham filed a Motion for

17

Issuance of Letter Rogatory (#69) on March 22, 2013.  The Court granted the Motion (#79), *see*

18

*Order, Doc. #75*, but found the proposed letter was not properly compliant with 28 U.S.C. § 1781.

19

The Court granted Bingham seven (7) days to submit a revised proposed letter rogatory. *See Order,*

20

*Doc. #75*.  Bingham subsequently filed the instant Proposed Letter.

21

     This case arose out of a joint venture between Plaintiff Softwind Capital ("Plaintiff") and

22

Defendant Global Project Solutions ("GPS") to which Plaintiff allegedly contributed $600,000 to

23

be invested in an international trading platform. Plaintiff claims that Bingham, among others,

24

failed to safeguard the $600,000 and that the money was never transferred to Defendants Keranovic

25

and Ijery, who maintained an account for this purpose at the Meridian Credit Union ("Meridian").

26

Bingham asserts Keranovic and Ijery, citizens of Canada, were responsible for investing the money

27

in the trading platform. Bingham denies any mismanagement of Plaintiff's funds, and seeks

28

records associated with the Meridian account to determine whether the $600,000 was deposited

1   therein and whether any party withdrew funds for purposes other than investment in the trading

2   platform.

3         Bingham avers he has unsuccessfully pursued multiple avenues to obtain the Meridian

4   records. In response to written requests, Meridian, a Canadian credit union, declined to provide the

5   account information without an order from an Ontario Court. Bingham also represents that on

6   October 18, 2012, he served his First Requests for Production of Documents and for Admissions on

7   Keranovic. Bingham's Request for Production No. 4 sought "copies of all checks, deposit receipts,

8   teller receipts, withdrawal slips, tax related statements, transfer records, and bank statements" of

9   the subject Meridian Account. *See Doc. #69, Exh. 6*. Similarly, Request for Production No. 5

10  sought "all other documents, writings, records, correspondence and other tangible things of any

11  kind in any format from January 1, 2008 to the present" relating to the subject account. *Id.* Finally,

12  Request for Production No. 8 sought "all records pertaining to the Investment Deal" including "any

13  bank records for accounts maintained by Meridian Credit Union[.]" *Id.*  Keranovic did not respond

14  to the Requests, and Bingham filed a Motion to Compel (#66) on February 22, 2013. The Court

15  granted the Motion (#66), and ordered Keranovic to respond to the Requests by April 9, 2013. *See*

16  *March 26, 2013 Order, Doc. #72*.  Bingham now requests the issuance of a letter rogatory to the

17  appropriate court in Ontario, Canada to compel the production of the account documents by

18  Meridian.

19        Courts enjoy the inherent authority to issue letters rogatory. *See United States v. Staples,*

20  *256 F.2d 290, 292* (9th Cir.1958). The authority to issue letters rogatory is also implicit in 28

21  U.S.C. § 1781. *Asis Internet Services v. Optin Global, Inc.*, 2007 WL 1880369 at *3 (N.D. Calif.

22  2007). The Canada Evidence Act also specifically provides that a court outside of Canada may

23  serve Letters Rogatory upon a Canadian court. *See Asis*, 2007 WL 1880369 at *3; *see also*

24  R.S.C.1985, c. C-5, s. 46. Whether to issue such a letter is a matter of discretion for the court. *Id.*

25  A letter rogatory is a written request from a court to a foreign court requesting the

26  production of documents. *Asis*, 2007 WL 1880369 at *3 (citing *United States v. Reagan*, 453 F.2d

27  165, 168 (6th Cir.1971)). When determining whether to issue a letter, courts will not weigh the

28  evidence sought nor predict whether that evidence will actually be obtained. *Asis*, 2007 WL

1   1880369 at *3 (citing *DBMS Consultants Ltd. v. Computer Assocs. Int'l, Inc.*, 131 F.R.D. 367, 369

2   (D.Mass.1990)). Rather, a court's decision whether to issue a letter rogatory requires an application

3   of the discovery scope provided by the Federal Rules of Civil Procedure. *See Evanston Ins. v. OEA,*

4   *Inc.*, 2006 WL 1652315 at *2 (E.D. Calif. 2006).

5          Here, the information Bingham seeks is reasonably calculated to lead to admissible

6   evidence and is within the scope contemplated by Rule 26(b).  However, Bingham's Supplemental

7   Proposed Letters Rogatory (#79) does not comply with the requirements under 28 U.S.C. § 1781

8   and the Convention on the Taking of Evidence Abroad in Civil or Commercial Matters

9   ("Convention").  Specifically, Bingham failed to include in the proposed letter the names and

10  addresses of the parties to the proceedings and their representatives, if any. *See Convention*, *Article*

11  *3, § b*.  Accordingly,

12          **IT IS HEREBY ORDERED** that Defendant Bo Bingham shall have seven (7) days from

13  the date of this Order to submit an amended Proposed Letter Rogatory that corrects the noted

14  deficiencies.

15          DATED this 18th day of June, 2013.

16

17  _____
        GEORGE FOLEY, JR.
18      United States Magistrate Judge

19

20

21

22

23

24

25

26

27

28